**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON THOMAS, | 1:10-cv-02335-AWI-SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MICHAEL L. BENOV, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on December 15, 2010. Petitioner contends that prison officials have failed to consider him for the full 12-month placement in a Residential Re-Entry Center (RRC) as an incentive for participation in the skills development program and failed to advise him how much time would be granted for participation in such programs. For the reasons explained below, the petition must be dismissed for failure to state a cognizable federal claim.

DISCUSSION

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

1

Petitioner claims the prison officials failed to consider the length of Petitioner's placement in the RRC as an incentive for participating in the skills development program. He claims prison staff failed to inform him how much time he would receive for participation in the program.

Section 231 of the Second Chance Act (SCA) provides for incentives for prisoner participation in skills development programs. It specifically states:

> (2) Incentives for a prisoner who participates in reentry and skills development programs which may, at the discretion of the Director, include–
>
> (A) the maximum allowable period in a community confinement facility; and
>
> (B) such other incentives as the Director considers appropriate (not including a reduction of the term of imprisonment).

The Second Change Act, PL 110-199, April 9, 2008, 122 Stat 657 (2007).

Although the SCA includes an incentive for the maximum allowable period for participation in a skills development program, it is at the discretion of the officials. Thus, there is no requirement that prison officials grant the maximum 12-month placement in an RRC simply because Petitioner has participated in the skills development program, nor is there a requirement that Petitioner be advised how much time will be granted for participation in such program. Accordingly, Petitioner has not alleged that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petition must be dismissed.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED; and

2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 5, 2011**                             /s/ Sandra M. Snyder
                                                                  UNITED STATES MAGISTRATE JUDGE